BURGHDOFF v BURGHDOFF

1. INFANTS—CUSTODY—DETERMINING FACTORS—BEST INTERESTS—
   STATUTES.

   The guiding factors in child custody matters are the best interests
   of the child involved, and the factors which determine those
   best interests are set out in a statute (MCLA 722.23; MSA
   25.312[3]).

2. INFANTS—JUDGMENTS—REVIEW—WEIGHT OF EVIDENCE—ABUSE OF
   DISCRETION—LEGAL ERROR.

   All orders and judgments of a circuit court regarding a child
   custody dispute should be affirmed on appeal unless the trial
   judge made findings of fact against the great weight of evidence
   or committed a palpable abuse of discretion or a clear legal
   error on a major issue (MCLA 722.28; MSA 25.312[8]).

3. INFANTS—CUSTODY—PREFERENCE OF CHILD—IN CAMERA CONFER-
   ENCE—RELEVANT MATTERS.

   The reasonable preference of the child is a factor to be considered
   in a child custody dispute if the court deems the child to be of
   sufficient age to express a preference, and an *in camera* confer-
   ence is generally the best way for the judge to determine the
   preference of the child, but such a conference must be confined
   to those matters reasonably necessary to enable the judge to
   determine and understand the child's preference.

4. INFANTS—CUSTODY—TESTIMONY OF INFANT—OPEN COURT—CROSS-
   EXAMINATION.

   A child who is the subject of a custody dispute should not be
   required to testify in open court and be cross-examined as he
   would if he were a witness in an ordinary criminal or civil
   litigation.

REFERENCES FOR POINTS IN HEADNOTES
[1] 42 Am Jur 2d, Infants § 28.
[2] 4 Am Jur 2d, Appeal and Error § 136.
   42 Am Jur 2d, Infants § 219 *et seq.*
[3–6] 42 Am Jur 2d, Infants §§ 44–47.
   Child's wishes as factor in awarding custody. 4 ALR3d 1396.

5. INFANTS—CUSTODY—STATEMENTS OF INFANT—STATUTE—TESTIMONY
   —APPLICABILITY.

   A statement by a child to a judge that he prefers to live with one
   parent rather than another is not to be equated with testimony
   regarding facts which are in dispute; therefore, the statute
   requiring the court to ascertain on the record that a child has
   the intelligence and sense of obligation to tell the truth when
   he is called as a witness is inapplicable to such a statement
   (MCLA 600.2163; MSA 27A.2163).

6. INFANTS—CUSTODY—IN CAMERA PROCEEDINGS—QUESTIONS OF
   MORAL FITNESS—RESOLVING CONFLICTING TESTIMONY—APPEAL
   AND ERROR—HARMLESS ERROR.

   Judicial questioning of a child involved in a custody dispute
   concerning the moral fitness of the parties in an apparent
   attempt to resolve conflict in the testimony exceeds the scope
   and intent of an *in camera* conference and is improper, but
   reversal is not required where, viewing the record as a whole,
   the court's findings of fact were not against the great weight of
   the evidence and the impropriety was not a palpable abuse of
   discretion or clear legal error on a major issue.

Appeal from Barry, Richard Robinson, J. Sub-
mitted November 5, 1975, at Grand Rapids.
(Docket No. 24367.) Decided January 8, 1976.

Petition by defendant Rex Burghdoff against
plaintiff Ella Burghdoff for modification of a por-
tion of a divorce judgment awarding custody of
eight-year-old James A. Burghdoff to plaintiff.
Judgment modified to grant custody to defendant.
Plaintiff appeals. Affirmed.

*Ramsey and Anderson,* for plaintiff.

*Dimmers & Shaw,* for defendant.

Before: T. M. BURNS, P. J., and V. J. BRENNAN
and M. F. CAVANAGH, JJ.

V. J. BRENNAN, J. Plaintiff, Ella Burghdoff, ap-
peals from an order of the Barry County Circuit
Court modifying a divorce judgment and awarding

custody of her eight-year-old child, James Arthur Burghdoff, to defendant, Rex Burghdoff.

The parties were divorced and plaintiff awarded custody of the child on June 23, 1972. On January 15, 1975, defendant petitioned the court for a modification of the divorce judgment seeking a change of custody of the parties' minor child. Plaintiff answered the petition and filed a petition for herself asking that the court increase the amount of child support payment provided in the divorce judgment to require defendant to reimburse her for medical expenses incurred on the child's behalf and in the future to relinquish insurance proceeds collected as a result of the child's illnesses. Plaintiff brings this appeal as of right.

In the proceeding the defendant testified that plaintiff had been living with a man for approximately two years prior to marriage to him. Plaintiff testified that this was not true. By their own testimony and by the testimony of other witnesses, the parties each tried to show that the best interests of the child would be served by an order comporting with their respective wishes.

After all the formal testimony had been received, the judge took the child into chambers for a conference. There the child expressed a preference for living with his father. The judge also asked whether his stepfather and mother had lived together prior to their marriage. The child said that they had. Asked by the judge why he was sure, the child stated that there were only two beds in the house and he slept in one of them.

Plaintiff brings two issues for our consideration. Plaintiff contends that the circuit judge committed reversible error in his conduct of the *in camera* conference with the child by failing to ascertain that the child had the intelligence and sense of

obligation to tell the truth and by improperly asking the child questions designed to resolve conflict in the testimony regarding the moral fitness of his mother. Plaintiff further contends that the trial judge erred by failing to consider the desirability of maintaining continuity in the child's environment and that the court's decision was against the great weight of the evidence.

We turn now to consider plaintiff's contention that the *in camera* conference with the child was reversibly improper. It is too well settled to require extensive discussion or citation that the guiding factor in child custody matters is the child's best interests. *Feldman v Feldman,* 55 Mich App 147; 222 NW2d 2 (1974). The factors to be considered by the circuit court in determining the best interests of a child are set out in MCLA 722.23; MSA 25.312(3):

"(a) The love, affection and other emotional ties existing between the competing parties and the child.

"(b) The capacity and disposition of competing parties to give the child love, affection and guidance and continuation of the educating and raising of the child in its religion or creed, if any.

"(c) The capacity and disposition of competing parties to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in lieu of medical care, and other material needs.

"(d) The length of time the child has lived in a stable, satisfactory environment and the desirability of maintaining continuity.

"(e) The permanence, as a family unit, of the existing or proposed custodial home.

"(f) The moral fitness of the competing parties.

"(g) The mental and physical health of the competing parties.

"(h) The home, school and community record of the child.

"(i) The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.

"(j) Any other factor considered by the court to be relevant to a particular child custody dispute."

The standard of review in child custody matters is stated in MCLA 722.28; MSA 25.312(8):

"To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue."

We can find no authority, and we are cited to none, which defines the scope of an *in camera* conference by a circuit judge with a child in a custody proceeding. One of the factors to be considered by the circuit judge in a custody matter is "the reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference". MCLA 722.23; MSA 25.312(3). We think that as a general rule, the *in camera* conference is the best way for a circuit judge to determine the preference of the child, and this Court has held that sound practice will sometimes dictate that the trial judge hold such a conference. *Roudabush v Roudabush,* 62 Mich App 391; 233 NW2d 596 (1975). We now hold that sound policy requires that such a conference be confined to those matters reasonably necessary to enable the circuit judge to determine and understand the preference of the child. The circuit judge should be particularly sensitive to the trauma that a custody proceeding often has for a child, because

a child is often caught in the middle in a struggle between two parents, and forced to choose up sides when he does not want to do so. In the instant case, we think the circuit judge showed proper solicitude for the tender feelings of the child by assuring Jamie that he would not have to state his preference to his mother.

The foregoing clearly implies that a child who is the subject of a custody dispute, who most likely has already undergone the agony inherent in the breakup of a family unit, should not be subjected to the additional pain of having to testify in open court and be cross-examined as he would be if he were a witness in ordinary criminal or civil litigation.

In the case at bar the circuit judge held an *in camera* conference with the child. He did not ascertain on the record that the child had the intelligence and sense of obligation to tell the truth as required by MCLA 600.2163; MSA 27A.2163 where a minor is called as a witness in a trial. This was not error. A statement by a child to a circuit judge that he prefers to live with one parent rather than another is not to be equated with testimony regarding facts which are in dispute, so we find MCLA 600.2163; MSA 27A.2163 inapplicable.

The circuit judge also asked the child questions concerning facts bearing on the moral fitness of the parties. He did so apparently to resolve conflict in the testimony. Such questions exceeded the scope and intent of the conference and were clearly improper. Viewing the record as a whole, however, we do not find that the circuit judge made findings of fact against the great weight of the evidence or that the impropriety here amounted to a palpable abuse of discretion or a

clear legal error on a major issue. We are constrained, therefore, to treat this error as harmless.

Plaintiff next contends that the circuit judge made a reversible error by failing to consider the desirability of maintaining continuity in the child's environment and that the court's decision was against the great weight of the evidence. We disagree. A careful reading of the record discloses that the circuit judge was using MCLA 722.23; MSA 25.312(3) as a checklist in stating his findings of fact and reasons therefor. The record indicates that the judge had reached subsection (d) when he made the following statement on the record:

"As to the length of time the child has lived in a stable home and satisfactory home environment up until the mother's marriage or until she started living with Mr. Pierce,—I'm satisfied that she did live with him for a period of time before this marriage,—I would say that he probably had a stable home. How permanent this present home is, I don't know. The parties by the testimony had a stormy period of courtship, apparently, and their present marriage has had less than three months, and I really can't say that this is a stable environment. I don't know how permanent it will be."

This record makes it abundantly clear that the trial judge did give due consideration to the desirability of maintaining the continuity of a stable and satisfactory environment as one of the factors he was required by statute to weigh. Obviously, the judge had some questions as to whether the environment with the plaintiff was stable or satisfactory. This allegation of error is thus without merit.

The circuit judge had before him the report of the friend of the court recommending that custody be awarded to the defendant. The judge heard a clear statement by the child that he preferred to

live with his father. The judge heard clear testimony regarding the relative adequacy of the homes which each of the parties could provide. The judge heard evidence of instability in the relationship between the child's mother and stepfather, including a fight which required that the police be called. Viewing the record as a whole, we are unable to say that the circuit judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.

Affirmed.