PATRICK v PATRICK

Docket No. 44930. Submitted May 13, 1980, at Lansing.—Decided July 24, 1980.

Carolyn Patrick was granted a divorce from Manfred Patrick and was granted custody of the parties' minor children, Clinton Circuit Court, Timothy M. Green, J. The defendant appeals, alleging that the trial court abused its discretion in making the division of the marital property and erred in not asking the children their preferences as to custody. *Held:*

1. The trial court did not abuse its discretion in dividing the property in the manner in which it did.

2. The trial court did consider the reasonable preferences of the children without putting them in a compromising position by forcing them to choose sides. There was no error.

Affirmed.

1. DIVORCE — DIVISION OF PROPERTY — EQUITABLE DISTRIBUTION.

The division of property in a divorce action is not governed by any rigid rules or mathematical formula; the end sought is a fair and equitable distribution under all the circumstances.

2. APPEAL — DIVORCE — DIVISION OF PROPERTY — FACTORS CONSIDERED.

Factors to be considered by the Court of Appeals in reviewing the division of property in a divorce action include the source of the property, the length of the marriage, the needs of the parties, the parties' earning abilities, and the cause of the divorce.

3. APPEAL — CHILD CUSTODY — DE NOVO REVIEW.

A reviewing court is obliged to consider a child custody case *de*

REFERENCES FOR POINTS IN HEADNOTES
[1] 24 Am Jur 2d, Divorce and Separation § 925.
[2] 24 Am Jur 2d, Divorce and Separation § 925.
[3] 4 Am Jur 2d, Appeal and Error § 136.
[4] 24 Am Jur 2d, Divorce and Separation §§ 783, 784.
Wishes of child as factor in awarding custody. 4 ALR3d 1396.

*novo* and to appraise the evidence apart from the trial judge's findings of fact.

4. PARENT AND CHILD — CUSTODY — PREFERENCE OF CHILD.

A trial court, in a child custody case, is obliged to consider the reasonable preference of the child; however, in weighing this factor the court should be particularly sensitive to the trauma that a custody proceeding has for a child and, where circumstances so dictate, the court may make a determination based on circumstantial evidence, without forcing the child to make a choice.

*Lance A. Fertig,* for defendant.

Before: D. F. WALSH, P.J., and BASHARA and K. B. GLASER,* JJ.

PER CURIAM. Defendant appeals as of right from a judgment of divorce entered on May 2, 1979, which granted plaintiff custody of the parties' four minor children and divided the marital assets.

On appeal, defendant argues that the trial court abused its discretion by awarding plaintiff property he acquired prior to their 15-year marriage.

The division of property in a divorce action is not governed by any rigid rules or mathematical formula. *Johnson v Johnson,* 346 Mich 418, 431; 78 NW2d 216 (1956). The end sought is a fair and equitable distribution under all of the circumstances. *Crane v Crane,* 17 Mich App 588, 591; 170 NW2d 194 (1969). Although we review divorce cases *de novo,* we will not substitute our judgment for that of the trial court absent an abuse of discretion. *Kurtz v Kurtz,* 34 Mich App 34, 35; 190 NW2d 689 (1971). The factors to be considered include the source of the property, the length of marriage, the needs of the parties, their earning abilities, and the cause of the divorce. *Sabourin v*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

*Sabourin,* 67 Mich App 100, 104; 240 NW2d 284 (1976).

In the instant case, defendant owned a 40-acre farm with a barn and attached aircraft hanger and two acres of other land before the marriage. During their marriage, a house was built on the two acres. Plaintiff did not work regularly during the 15-year marriage, but cared for the children and performed the household chores. During the pendency of the divorce, plaintiff was on public assistance. The trial court awarded plaintiff the new home, a pickup truck, a boat, motor and trailer and certain sums of money. It awarded defendant the farm, farm machinery, car, an airplane, and airplane parts.

Having reviewed the record, we conclude that the trial court did not abuse its discretion by dividing the property in this fashion. The fact that the property on which the new house stands belonged to defendant before the marriage is outweighed by the other factors.

Defendant also argues that the trial court erred in not asking the children their parental preference, and in not following their preference.

During the trial, the court requested an interview with the children and held a 15-minute interview in chambers, making the following comments on the record:

"THE COURT: Let the record reflect that the Court conferred in chambers with Ronald, Suzanne, Timothy and Deborah Patrick and the Court did so considering the best interest of the children and pursuant to the Child Custody Act. The Court is not going to place in the record anything that the. children told the Court but the Court will use that along—use the information it gathered in talking to the children along with other evidence it may find in this case in determining which

parent to award custody of the children and the Court does that under (I) of the Custody Act, being MSA 25.312(i)."

Later, in its March 13, 1979, opinion on the issues, the court wrote:

"The Court met in chambers with all four children and while it did not request the children to express a preference as to a parent, the Court noted and observed the unexpressed desires of the children with respect to custody. Two of the children are of tender years, 6-1/2 and 3-1/2 years of age respectively, and the Court did not place undue emphasis on their wishes nor will the Court now place the children in a compromising position by indicating their desires as to custody."

Our review of this issue is limited by MCL 722.28; MSA 25.312(8):

"To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue."

However, a reviewing court is obliged to consider a child custody case *de novo* and appraise the evidence apart from the trial judge's findings of fact. *Bahr v Bahr,* 60 Mich App 354, 360; 230 NW2d 430 (1975), *Outcalt v Outcalt,* 40 Mich App 392; 198 NW2d 779 (1972).

Under MCL 722.23; MSA 25.312(3), a court is obliged to consider "[t]he reasonable preference of the child, if the court deems the child to be of sufficient age to express preference".

The trial judge did consider the reasonable preferences of the children without putting them in a

compromising position by bluntly asking them whether they preferred their mother or their father. This Court has held that the circuit judge should be particularly sensitive to the trauma that a custody proceeding has for a child, because a child is often caught in the middle in a struggle between two parents and forced to choose sides when he doesn't want to do so. *Burghdoff v Burghdoff,* 66 Mich App 608, 612-613; 239 NW2d 679 (1976). This factor must be weighed by the trial judge in determining what approach to take. We see no reason, where all the circumstances so dictate, why the judge should not make his determination based on circumstantial evidence as he did here.

We conclude that the trial court did not find facts against the great weight of the evidence, commit a palpable abuse of discretion or a clear legal error on a major issue.

Affirmed. Costs to appellee.