LESAUSKIS v LESAUSKIS

Docket No. 53550. Submitted October 12, 1981, at Lansing.—Decided December 15, 1981.

Plaintiff, David A. Lesauskis, and defendant, Linda C. Lesauskis, were divorced in the Berrien Circuit Court in 1972 and custody of their two children was granted to defendant. In 1978, because of defendant's deteriorating financial and emotional condition, the parties stipulated to a change of custody with a review of the new arrangement within two years to determine defendant's fitness to support and care for her children. Approximately 15 months later defendant moved for a modification of the custody order. During the hearing on the motion, the court, Julian E. Hughes, J., conducted an *in camera* conference with the children to determine their preference with regard to custody. The conference was recorded by the court reporter but not transcribed by order of the court. The court granted a change of custody and articulated the reasons for the decision consistent with the child custody act. Plaintiff appealed, alleging a denial of due process in not being able to be present or represented at the *in camera* conference and that failure to provide him with a transcript of that conference denied him the right to meaningful review. *Held:*

1. The procedures used by the trial court did not violate due process.

2. A trial court does not deny a party to a child custody dispute his right to due process by obtaining the child's parental preference by questioning *in camera* and without the presence of the parties or counsel. Any diminution of a parent's right to appeal resulting from a failure to transcribe the record of such an *in camera* conference between the judge and the child is outweighed by the best interests of the child.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 42 Am Jur 2d, Infants §§ 31, 32.
Propriety of court conducting private interview with child in determining custody. 99 ALR2d 954.
[2] 4 Am Jur 2d, Appeal and Error § 136.
24 Am Jur 2d, Divorce and Separation § 779.

1. PARENT AND CHILD — CHILD CUSTODY — DUE PROCESS — APPEAL.

 A trial court does not deny a party to a child custody dispute his
 right to due process by obtaining the child's parental prefer-
 ence by questioning *in camera* and without the presence of the
 parties or counsel; any diminution of a parent's right to appeal
 resulting from a failure to transcribe the record of such an *in
 camera* conference between the judge and the child is out-
 weighed by the best interests of the child.

2. PARENT AND CHILD — CHILD CUSTODY — APPEAL.

 Orders and judgments in a child custody matter should be af-
 firmed· on appeal unless the trial court committed a palpable
 abuse of discretion or a clear legal error on a major issue (MCL
 722.23; MSA 25.312[8]).

*Gary G. Hosbein,* for plaintiff.

*Fisher, Troff & Fisher* (by *Creighton F. Klute),*
for defendant.

Before: BASHARA, P.J., and R. B. BURNS and V. J.
BRENNAN, JJ.

BASHARA, P.J. Plaintiff appeals the trial court's
order modifying the amended judgment of divorce
awarding custody of his two minor children, Cheri
Lynn and Vance Allen, to defendant.

The original judgment of divorce, entered in
1972, awarded custody of the children to defendant
subject to specific visitation rights by plaintiff.

On April 28, 1978, plaintiff and defendant en-
tered into a stipulation for modification of the
custody, support and domicile provisions of the
judgment of divorce. The stipulation provided that
custody of the two minor children be awarded to
plaintiff and that the custody arrangement would
be reviewed within a period of two years of the
date of the stipulation to determine the fitness of
defendant to support and care for the children at
that time. The stipulation was prompted by defen-
dant's deteriorating financial condition in 1977,

from which she experienced emotional distress that was adversely affecting her ability to care for her two children.

Plaintiff subsequently moved to the State of Wisconsin with the children. He continued to work in Michigan, commuting 140 miles from Wisconsin at the beginning of the week and returning to Wisconsin on the weekend.

Defendant filed a motion for modification of the agreement of divorce previously modified on July 18, 1979. In her request for review of the custody arrangement, defendant indicated improvement in her emotional and financial situations, citing educational advancement on the college level and an improved position in both business and employment.

The hearing to determine whether the best interests of the children required their being in the custody of their mother or father was held on July 3, and continued on July 8, 1980. During this hearing, the trial judge conducted an *in camera* conference with the children to determine their preferences as to custody. This conference was recorded by the court reporter but was not transcribed, pursuant to the direction of the trial court. The attorney for the plaintiff objected to his being excluded from the *in camera* conference on the ground that it was an adversary proceeding which extends the right to plaintiff to have his attorney present.

In granting defendant's motion for modification to return custody of the two children to defendant, the trial judge articulated the reasons for his decision consistent with the factors set forth in the child custody act, MCL 722.23; MSA 25.312(3). The trial court indicated that Cheri had a very strong preference for being with her mother. Vance,

while not so strong in his preference, was very closely attached to his sister.

The court entered a partial order modifying the judgment of divorce on August 22, 1980. Plaintiff filed an appeal on September 10, 1980, requesting a transcript of the *in camera* conference between the children and the trial judge. When the request was denied, plaintiff moved to have the transcript released. This motion was also denied.

On November 14, 1980, an order modifying judgment of divorce and granting other relief was entered, superseding the partial order of August 22, 1980. The order included a direction that a transcript of the *in camera* conference be prepared, sealed and retained in the court file subject to the further order of this Court. The sealed transcript is contained in the court file accompanying this appeal.

On appeal, plaintiff claims that he was denied due process of law as a result of the *in camera* interview procedure. This allegation of error is twofold: first, it is argued that plaintiff was entitled to representation of counsel during the *in camera* conference; and, secondly, plaintiff contends that the trial court's failure to provide him with a transcript of the conversation denied him the right to meaningful review. We have carefully considered these allegations of error and find them to be without merit.

The paramount concern in determining child custody matters is the best interest of the child. *Feldman v Feldman,* 55 Mich App 147; 222 NW2d 2 (1974). The Legislature enacted the child custody act in order to codify the relevant factors in determining the best interest of the child. The parental preference of the child, if any, may be considered where the court deems the child to be of sufficient

age to express a preference. MCL 722.23(i); MSA 25.312(3)(i).

When the trial court determines that the child is mature enough to express a preference, the court then must decide in what manner the information should be obtained. As a general rule, this Court has repeatedly suggested that a child of tender years express his preference during a private conference with the judge. *Burghdoff v Burghdoff,* 66 Mich App 608; 239 NW2d 679 (1976), *Roudabush v Roudabush,* 62 Mich App 391; 233 NW2d 596 (1975). The child, who has already experienced the emotional trauma of his parents' separation, should be relieved from the additional distress resulting from cross-examination and testifying before the parents. *Patrick v Patrick,* 99 Mich App 132; 297 NW2d 635 (1980). By conducting an *in camera* conference, the child's preference can be obtained while at the same time protecting the child from the pain of openly choosing sides. *Gulyas v Gulyas,* 75 Mich App 138; 254 NW2d 818 (1977), *lv den* 402 Mich 802 (1977).

Plaintiff argues that some nebulous legal right is violated where the trial court conducts the conference without the presence of the parties or counsel. Plaintiff cites no authority in support of this contention. While *Bowler v Bowler,* 351 Mich 398, 406-407; 88 NW2d 505 (1958), states in dicta that counsel may be present during the interview, there is no authority which removes the matter from the sound discretion of the trial court.

Furthermore, plaintiff has failed to supply this Court with one good reason for requiring the presence of counsel at the meeting. The scope of the conference is limited to determining the child's preference *only* and does not include discussion of other factors germane to the custody dispute.

*Burghdoff, supra.* Consequently, the utility of the presence of counsel is slight, especially when weighed against the child's probable reaction to the foreboding presence of the mother's or father's lawyer.

Similarly, we hold that the best interest of the child outweighs any diminution of the parental right to appeal that may result from failure to record the conversation. The standard of review in child custody matters is governed by MCL 722.28; MSA 25.312(8), which provides:

"To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of evidence or committed a palpable abuse of discretion or a clear legal error on a major issue."

In order to facilitate review, the trial court is required to make definite findings of fact as to each factor listed in the child custody act. *Lewis v Lewis,* 73 Mich App 563; 252 NW2d 237 (1977), *Dowd v Dowd,* 97 Mich App 276; 293 NW2d 797 (1980).

In the instant case, the trial court stated that Cheri indicated a deep desire to reside with defendant. Vance did not indicate a strong parental preference but did display an attachment to Cheri. These findings are sufficient to allow plaintiff the right to appellate review of the trial court's final decision. The scope of the conference is limited to gaining this single opinion from the child. We must repose confidence in the wisdom, integrity and experience of the trial court in accurately reporting the opinion and in not using the conference to discover the child's perception of a parent's morality or fitness. We hold that the potential for

misuse of the recorded statement, which was given in confidence by a distraught child, far outweighs any possible benefit to the parent's right to appeal.

The child's preference is only one of ten factors relevant to the placement decision. By requiring the trial court to limit the scope of the conference and to report findings of fact on the record, the decision can be thoroughly reviewed for a palpable abuse of discretion.

Affirmed.