HILLIARD v SCHMIDT

Docket No. 206028. Submitted June 2, 1998, at Grand Rapids. Decided August 21, 1998, at 9:05 A.M.

Lynne M. Hilliard obtained a divorce from Carltin D. Schmidt in the Manistee Circuit Court, James M. Batzer, J. Physical custody of the parties' older son, Carltin D. Schmidt, Jr., was awarded to the defendant, and physical custody of the parties' younger son, Scott L. Schmidt was awarded to the plaintiff. The court subsequently conducted a hearing regarding custody of Scott and modified the judgment of divorce to award the defendant physical custody of Scott. The plaintiff appealed.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion in allowing a psychologist and the defendant's new wife to testify that Carl, Jr., had told them that the plaintiff had called the defendant a derogatory name. The testimonies were not inadmissible hearsay because they were not offered to prove the truth of the matter asserted, but merely to show that the statement was made and to show the effect of the statement on the listeners. The expert testimony of the psychologist was not purely speculative and was therefore properly admissible under MRE 702.

2. The trial court's in camera interview of Carl, Jr., whose custody was not in dispute, was not fundamentally unfair to the plaintiff. Maintenance of the sibling bond is a serious issue in a custody dispute and its consideration is appropriate under several of the "best interests of the child" factors set forth in MCL 722.23; MSA 25.312(3). The trial court correctly interviewed both boys to assess their relationship and their need or desire to be together.

3. The trial court did not abuse its discretion in awarding physical custody of Scott to the defendant. A preponderance of the evidence concerning six of the statutory "best interests" factors favored the defendant, while four other factors favored neither the plaintiff nor the defendant.

4. The trial court did not err in not revealing on the record Scott's preference regarding his custody. The potential for misuse of such recorded preference far outweighs any possible benefit to a parent's right to appeal.

Affirmed.

1. EVIDENCE — HEARSAY.
   Statements offered to show that they were made or to show their effect on the listeners are not hearsay (MRE 801[e]).

2. DIVORCE — CHILD CUSTODY — SIBLINGS.
   Maintenance of the bond between two siblings is an appropriate consideration when considering the best interests of either sibling in terms of physical custody following the divorce of their parents; where custody is disputed with respect to only one sibling, it is proper for the trial court to interview both siblings in camera to assess their relationship and their need or desire to be together (MCL 722.23; MSA 25.312[3]).

3. DIVORCE — CHILD CUSTODY — BEST INTERESTS OF CHILDREN — APPEAL.
   A trial court deciding child custody in a divorce proceeding determines the best interests of the child by weighing twelve statutory factors; on appeal, the trial court's findings regarding each factor should be affirmed unless the evidence clearly preponderates in the opposite direction; the trial court's custody award is reviewed on appeal for abuse of discretion (MCL 722.23; MSA 25.312[3]).

*Patrick A. Dougherty*, for the plaintiff.

*Stephanie E. Simon*, for the defendant.

Before: MacKenzie, P.J., and Whitbeck and G. S. Allen*, JJ.

MacKenzie, P.J. The parties divorced in 1993. The consent judgment of divorce awarded defendant father physical custody of the parties' older child, Carltin Dale Schmidt, Jr. (Carl, Jr.) (born August 31, 1982), and awarded plaintiff mother physical custody of the parties' younger child, Scott Lee Schmidt (born June 25, 1988). On August 19, 1997, following a custody hearing, the trial court entered an order modifying the judgment of divorce and awarding defendant

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

sole physical custody of Scott. Defendant's custody of Carl, Jr., was not at issue and was unchanged. Plaintiff appeals as of right. We affirm.

Plaintiff first contends that the inadmissible hearsay testimony of psychologist Joseph Verschaeve and defendant's new wife, Lisa Schmidt, influenced the trial court's custody decision, requiring reversal. The challenged testimony of both witnesses was essentially that Carl, Jr., told them plaintiff referred to defendant as "an asshole" in at least one conversation with the youth. However, as the trial court ruled, the challenged statements were not hearsay because defendant did not offer them to prove the truth of the matter asserted. MRE 801(c); *In re Weiss*, 224 Mich App 37, 39; 568 NW2d 336 (1997). Rather, defendant offered the testimony to show the effect of plaintiff's characterization of defendant on the parties' children. Statements offered to show that they were made or to show their effect on the listener are not hearsay. *People v Flaherty*, 165 Mich App 113, 122; 418 NW2d 695 (1987). Accordingly, we find no abuse of discretion. *Weiss, supra*, p 39.

As part of her hearsay claim, plaintiff also raises the argument that Verschaeve's psychological assessment was based on a method not recognized by the scientific community, rendering his expert testimony inadmissible. Plaintiff did not raise this issue in her statement of questions presented, making review inappropriate. *Weiss v Hodge (After Remand)*, 223 Mich App 620, 634; 567 NW2d 468 (1997). In any event, the proper inquiry is whether the testimony was admissible under MRE 702. See *Nelson v American Sterilizer Co*, 453 Mich 946; 554 NW2d 898 (1996). Because the opinion testimony was not

purely speculative, the trial court properly allowed it under MRE 702, and its weight was for the court as trier of fact to decide. *Phillips v Deihm*, 213 Mich App 389, 401-402; 541 NW2d 566 (1995).

Plaintiff also contends that the trial court's in camera interview of Carl, Jr., whose custody was not in dispute, was fundamentally unfair. We disagree. Due process requires fundamental fairness and applies to any adjudication of important rights. *Dobrzenski v Dobrzenski*, 208 Mich App 514, 515; 528 NW2d 827 (1995). It is a flexible concept calling "for those procedural protections as the particular situation demands." *Id.*, quoting *Mathews v Eldridge*, 424 US 319, 334; 96 S Ct 893; 47 L Ed 2d 18 (1976). While a parent's interest in the care and custody of a minor child is an important interest that warrants due process protection, because a custody decree does not sever the parental bond and is subject to modification, due process rights in a custody case are not implicated to the degree present in termination of parental rights cases. See *Haller v Haller*, 168 Mich App 198, 200; 423 NW2d 617 (1988). Rather, in custody disputes, the "overriding concern and the overwhelmingly predominant factor is the welfare of the child." *Heid v AAASulewski (After Remand)*, 209 Mich App 587, 595; 532 NW2d 205 (1995).

Maintenance of the sibling bond is a serious issue in a custody dispute and its consideration is appropriate under several of the statutory best interests of the child factors set forth in MCL 722.23; MSA 25.312(3). *Wiechmann v Wiechmann*, 212 Mich App 436, 439-440, n 2; 538 NW2d 57 (1995). As such, it was the responsibility of the trial judge to assess the boys' relationship and their need or desire to be together.

Interviewing both boys was the logical way to conduct that assessment. To determine what is best for the child in divorce and custody cases, it is critical that trial judges have considerable latitude in gathering information about the family situation. The reality is that often the only way to obtain candid information is to speak with family members in private, where the atmosphere is less coercive and feelings can be spared. This Court has previously recognized that children who have already experienced the emotional trauma of their parents' separation should be relieved of the additional distress resulting from cross-examination and testifying before the parents, *Lesauskis v Lesauskis*, 111 Mich App 811, 814-815; 314 NW2d 767 (1981), especially where, as here, the children have been caught in the middle of their parents' dispute. Compare *Burghdoff v Burghdoff*, 66 Mich App 608, 612-613; 239 NW2d 679 (1976); *Impullitti v Impullitti*, 163 Mich App 507, 510; 415 NW2d 261 (1987).

While *Lesauskis, supra,* and *Burghdoff, supra,* dealt with the propriety of in camera interviews to determine the reasonable preference of a child whose custody was at issue, we conclude that such in camera interviews should not be limited to aiding in the assessment of that single best interests of the child factor. The minor children of the parties to a custody dispute will often be among the best sources of information for a trial court regarding many of the statutory best interests factors. The trial court should be able to obtain this information from such minor children without subjecting them to "the additional distress resulting from cross-examination and testifying before the parents." *Lesauskis, supra,* p 815. Because

the predominant concern should be the welfare of the child, *Heid, supra,* we decline to follow *Lesauskis* and *Burghdoff* to the extent that those cases might be construed as limiting the scope of an in camera interview with a child of the parties to a custody dispute to a determination of the child's preference regarding custody. Rather, such an in camera interview may extend to any matter relevant to the trial court's custody decision. Moreover, to the extent that the trial court's custody decision may have taken into account Carl, Jr.'s, reaction to an incident in which his mother accidentally threw scalding water on him, the youth's reaction was in evidence through Verschaeve's testimony and was not exclusively known to the judge through the in camera interview. Under the particular circumstances of this case, therefore, we conclude that the trial court's in camera conversation with Carl, Jr., was not fundamentally unfair to plaintiff.

Plaintiff next challenges the trial court's findings of fact pertaining to the statutory best interests factors, arguing that the findings were against the great weight of the evidence and that the award of custody was an abuse of discretion. A trial court determines the best interests of the child by weighing the twelve statutory factors outlined in MCL 722.23; MSA 25.312(3). A trial court's findings with regard to each factor should be affirmed unless the evidence clearly preponderates in the opposite direction, while custody awards are reviewed for an abuse of discretion. *Fletcher v Fletcher,* 447 Mich 871, 879; 526 NW2d 889 (1994).

Factor a requires the trial court to consider "[t]he love, affection, and other emotional ties existing between the parties involved and the child." MCL

722.23(a); MSA 25.312(3)(a). Plaintiff argues that she had a closer relationship with Scott and that, rather than finding the parties equal, the court should have found that this weighed in her favor. However, the evidence established that both parties shared a close relationship with Scott, both showed him love and affection, and both cared about his well-being. The evidence did not clearly preponderate against the trial court's finding. *Fletcher, supra*, p 879.

As for factor b, "[t]he capacity and disposition of the parties involved to give the child love, affection, and guidance and to continue the education and raising of the child in his or her religion or creed, if any," MCL 722.23(b); MSA 25.312(3)(b), the trial court found that defendant was better suited to provide guidance. Defendant's decision to stop drinking and his willingness to provide counseling for the parties' child supported this finding; it was not against the great weight of the evidence.

The trial court found in favor of defendant with regard to factor c, "[t]he capacity and disposition of the parties involved to provide the child with food, clothing, medical care or other remedial care recognized and permitted under the laws of this state in place of medical care, and other material needs," MCL 722.23(c); MSA 25.312(3)(c). Plaintiff argues that her employment situation will improve after she receives her associate's degree as a medical assistant. The trial court, however, properly relied on the facts established at the custody hearing rather than plaintiff's speculation that she will be more gainfully employed in the future. Defendant had enjoyed stable employment for nine years that provided full medical coverage, while plaintiff was financially dependent on

a third party and relied on government benefits to assist her in providing for the parties' child. The evidence supported the trial court's finding.

The trial court also found that factor d, "[t]he length of time the child has lived in a stable, satisfactory environment, and the desirability of maintaining continuity," MCL 722.23(d); MSA 25.312(3)(d), weighed in defendant's favor. Plaintiff argues that her plans to wed her boyfriend demonstrated her involvement in a permanent relationship. This, however, fails to recognize that in the four years since the parties' divorce, plaintiff had remarried and divorced and had moved several times. In contrast, defendant had lived in the same house, worked the same job for over nine years, was in a stable marriage, and had quit drinking. Comparing defendant's stable circumstances with plaintiff's transient living arrangements, this finding was not against the great weight of the evidence.

With regard to factor e, "[t]he permanence, as a family unit, of the existing or proposed custodial home or homes," MCL 722.23(e); MSA 25.312(3)(e), the trial court found defendant to be in a stronger, more permanent family setting. Plaintiff again argues that the court ignored her stable living arrangement with her boyfriend and their plans to marry. It did not. Although plaintiff announced an intention to marry her boyfriend, she provided no definite plans of their wedding and hedged by saying that she did not want to rush into anything. Defendant, on the other hand, had a stable family life. Accordingly, this finding was not against the great weight of the evidence.

Factor f, "[t]he moral fitness of the parties involved," MCL 722.23(f); MSA 25.312(3)(f), relates to the parent-child relationship and the effect that the

conduct at issue may have on that relationship. *Fletcher, supra,* p 887. Conduct relevant to this factor includes "verbal abuse, drinking problems, driving record, physical or sexual abuse and other illegal or offensive behaviors." *Id.,* p 887, n 6. The trial court found in neither party's favor, citing defendant's prior alcohol problem and plaintiff's living arrangements. Plaintiff contends that it was erroneous for the trial court to rely on evidence of her unmarried cohabitation. Although "standing alone, unmarried cohabitation is not enough to constitute immorality," *id.,* p 886, quoting *Truitt v Truitt,* 172 Mich App 38, 46; 431 NW2d 454 (1988), other evidence established that plaintiff used profanity and insulted defendant while in the presence of the children and that she hit the parties' older child. Thus, while it was clear legal error for the trial court to consider plaintiff's "living situation," *Fletcher, supra,* p 886, the error was harmless given the evidence of plaintiff's verbal and physical abuse.

With regard to factor g, the mental and physical health of the parties, MCL 722.23(g); MSA 25.312(3)(g), the trial court found that neither party suffered from any significant health concerns. Although defendant has high blood pressure, nothing showed that he suffers any physical consequences as a result of the condition. This finding was not against the great weight of the evidence.

The trial court found factor h, the home, school, and community record, MCL 722.23(h); MSA 25.312(3)(h), favored neither party. The evidence did not clearly preponderate against that finding. Despite plaintiff's assertion that she read with Scott every

night, the boy had academic problems and reading difficulties.

With regard to factor j, "[t]he willingness and ability of each of the parties to facilitate and encourage a close and continuing parent-child relationship between the child and the other parent or the child and the parents," MCL 722.23(j); MSA 25.312(3)(j), the trial court found defendant to be more willing to encourage a close and continuing relationship. Plaintiff argues that this finding ignores defendant's refusal to force Carl, Jr., to obey the visitation schedule, in contrast to her efforts to ensure that Scott would not miss a scheduled visitation. There is some merit to this claim. Nevertheless, there was ample evidence that plaintiff effectively undermined defendant's relationship with the children by berating him in their presence. Furthermore, defendant did not actively discourage Carl, Jr., from visiting with plaintiff, but rather, on the advice of a psychologist, allowed the youth to decide for himself whether to visit plaintiff because the visits were usually tumultuous. Finding this factor in defendant's favor was not against the great weight of the evidence.

Under factor k—domestic violence—MCL 722.23(k); MSA 25.312(3)(k), the trial court found no pattern of domestic violence. Plaintiff alleges that defendant physically abused her while they were married. Defendant denied ever hitting plaintiff while they were married and no evidence corroborated plaintiff's allegation. Although both parties used "time outs" to discipline the children, plaintiff admitted that she had hit Carl, Jr. Also, though accidental, there was evidence of the incident in which plaintiff threw hot water on Carl, Jr. Nothing indicated that either

plaintiff or defendant had physically abused the younger child or that he had been the victim of domestic violence. Finding the parties equal on this factor was not against the great weight of the evidence.

With regard to factor l—any other relevant factor—MCL 722.23(l); MSA 25.312(3)(l), the trial court considered the emotional pressure Scott had endured by being caught between the two parties and noted that plaintiff did not take responsibility. There was evidence that plaintiff's anger toward defendant interfered with her ability to consider the needs of her children and that she tended to blame others, including the children, for her problems. The trial court properly concluded that the evidence weighed in favor of defendant with regard to this factor.

In sum, factors b, c, d, e, i, and l favored defendant and four other factors favored neither party. Because the statutory factors weighed in favor of defendant, we find no abuse of discretion in the decision to change custody.

Finally, plaintiff contends that the trial court should have revealed Scott's custody preference on the record. See MCL 722.23(i); MSA 25.312(3)(i). We disagree. As this Court has stated previously, "the potential for misuse of the recorded statement, which was given in confidence by a distraught child, far outweighs any possible benefit to a parent's right to appeal." *Lesauskis, supra,* p 816.

Affirmed.