MOLLOY v MOLLOY

Docket No. 224179. Submitted September 14, 2000, at Detroit. Decided December 15, 2000, at 9:05 A.M. Vacated in part by order entered January 12, 2001. 243 Mich App 801.

Peter Molloy obtained a divorce from Wendy Molloy in the Wayne Circuit Court, Sheila Gibson Manning, J., which awarded the parties joint legal and physical custody of their child, but effectively transferred physical custody of the child from Michigan, with the defendant, to California, with the plaintiff. The trial court had granted a motion in limine by the plaintiff for an in camera interview of the child concerning the child's preference in terms of custody and matters relating to fault of the parties. In determining custody, the trial court considered what the child said in the interview regarding the child's preference in terms of custody and regarding several of the other best interest factors delineated in § 3 of the Child Custody Act, MCL 722.23; MSA 25.312(3). The defendant appealed. The Court of Appeals ordered a stay of the transfer of physical custody pending resolution of the appeal or further order of the Court of Appeals.

The Court of Appeals *held*:

1. MCL 7.215(H)(1) constrains the Court of Appeals to follow the holding in *Hilliard v Smith*, 231 Mich App 316 (1998), that the scope of a trial court's in camera interview of a child that is the subject of a custody dispute is not limited to the reasonable preference of the child but extends to any matter relevant to the trial court's custody decision. Accordingly, pursuant to *Hilliard*, the trial court in this case did not err in extending the scope of the in camera interview to best interest factors other than the child's preference. Were it not for *Hilliard*, an in camera interview such as the one in this case would be held to be proper only when confined to those matters reasonably necessary to enable the trial court to determine and understand the preference of the child. Such a limitation in scope would be consistent with the language of the Child Custody Act, would avoid due process concerns relating to the absence of a record of the interview and to the nonavailability of cross-examination, would ensure meaningful appellate review of the trial court's findings regarding best interest factors other than

the child's preference, and would avoid placing the child in a more compromising and stressful situation.

2. Because the trial court's use of the in camera interview was not error in light of *Hilliard*, the trial court's factual findings regarding MCL 722.23(b), (d), (e), (f), (h), (i), (k), and (l); MSA 25.312(3)(b), (d), (e), (f), (h), (i), (k), and (l) are not against the great weight of the evidence inasmuch as the evidence does not clearly preponderate in the opposite direction.

3. The trial court's determination that there was clear and convincing evidence that custody should be changed was not a palpable abuse of discretion.

4. The trial court erred in ordering joint legal and physical custody without first considering whether the parents will be able to cooperate and generally agree concerning important decisions affecting the welfare of the child, as required by MCL 722.26a(1)(b); MSA 25.312(6a)(1)(b). The matter must be remanded for a reevaluation of joint custody in accordance with the statute.

Affirmed in part and remanded.

ZAHRA, J., concurring, stated that remand is necessary because the trial court failed to comply with MCL 722.26a(1)(b); MSA 25.312(6a)(1)(b) before ordering joint legal and physical custody of the child, that the judgment of the trial court should be affirmed in all other respects, and that the trial court's extension of the scope of the in camera interview of the child should also be affirmed, not on the basis of *Hilliard*, but on the ground that the defendant failed to preserve the issue for appellate review in view of her stipulation to the grant of the plaintiff's motion in limine.

*Butzel Long* (by *James A. Gray, III*), for the plaintiff.

*Judith A. Curtis*, for the defendant.

Before: COLLINS, P.J., and JANSEN and ZAHRA, JJ.

JANSEN, J. In this child custody dispute, defendant appeals as of right from a modified judgment of divorce awarding the parties joint legal and physical custody of their son. We remand for further proceedings on the issue of joint custody, but affirm the trial court's findings under the best interest factors in the Child Custody Act, MCL 722.23; MSA 25.312(3). How-

ever, we affirm the trial court's best interest findings only because we are compelled by *Hilliard v Schmidt*, 231 Mich App 316; 586 NW2d 263 (1998), to do so. MCR 7.215(H)(2). Were it not for the precedential effect of *Hilliard* under MCR 7.215(H)(1), we would reverse the trial court's decision under the best interest factors and remand for a new child custody hearing.

The parties married on January 9, 1989, in the state of California. Their son, Casey Robert, was born on July 21, 1989. They lived in California until 1997 and then relocated to Michigan. On November 4, 1998, plaintiff filed this divorce action, seeking in part legal and physical custody of their son. On January 7, 1999, defendant filed a countercomplaint, also seeking physical custody of the parties' son. On May 12, 1997, a stipulated order was entered providing for the parties to have joint legal custody during the pendency of the divorce action. Defendant was granted physical custody of their son, and plaintiff was allowed parenting time on the third weekend of each month, alternating holidays, and for two periods of two weeks in the summer.

A bench trial was held on October 18 and 19, 1999, regarding the division of marital assets and the custody dispute. Plaintiff was again living in California, and defendant was living in Plymouth Township. Ultimately, the trial court rendered a lengthy oral opinion on November 5, 1999, and awarded the parties joint legal and physical custody of their son. The trial court ruled that Casey would reside with plaintiff during the school year, pending defendant's anticipated move to California. On November 22, 1999, defendant moved for reconsideration regarding the custody

issue, but the trial court denied the motion in an order entered on December 3, 1999. On December 14, 1999, defendant moved for modification of custody, seeking to have Casey remain with her until the end of the school year. The trial court, however, denied the motion for modification of custody in an order entered on December 17, 1999, and that same day, a modified judgment of divorce was also entered. Although the modified judgment of divorce would have allowed plaintiff to take physical custody of Casey on December 30, 1999, this Court ordered a stay of the transfer "pending resolution of this appeal or further order of this Court" in an order entered on December 29, 1999.

On appeal, defendant argues that the trial court erred in not restricting its in camera interview with Casey to the question of his preference for purposes of factor i of the best interest factors. Defendant also argues that the trial court erred in several of its best interest findings and that the child's established custodial environment should be changed. Defendant lastly argues that the trial court abused its discretion in ordering joint legal and physical custody.

We begin our analysis with the standard of review in a child custody case, which is governed by MCL 722.28; MSA 25.312(8):

> To expedite the resolution of a child custody dispute by prompt and final adjudication, all orders and judgments of the circuit court shall be affirmed on appeal unless the trial judge made findings of fact against the great weight of the evidence or committed a palpable abuse of discretion or a clear legal error on a major issue.

Defendant first claims that the trial court erred in not restricting its in camera interview of the child to the issue of the child's preference for purposes of factor i of the best interest factors. Defendant further argues that she was deprived of her right to due process and a decision based on competent evidence where the trial court utilized the in camera interview.

At a pretrial motion in limine, held on October 8, 1999, the trial court considered plaintiff's request that the child, who was ten years old at the time, be allowed to testify. Plaintiff's counsel stated the following:

> I've made several requests in my Motion in Limine, your Honor. The first, and I think most controversial, would be the request that the minor child, who is 10 years of age, be allowed to testify.
>
> I'm not suggesting, at this point, how that best would be accomplished. Conceivably, it could be done by, your Honor, in chambers or something of that sort. But in light of the fact that the Defendant/Counter Plaintiff is going to raise the issue of fault. And most of the incidents, I would guess, if not all of them took place in the presence of this minor child who is, certainly, the most interested in the outcome of this case.
>
> I would think that rather than deciding this matter on the basis of which of two witnesses is the most convincing, perhaps a third somewhat independent party, I think that the testimony would probably be of some use to the Court.
>
> I also had made a request that I believe [defendant's counsel] and I are now in agreement with that neither attorney, in any event, will talk to the youngster.
>
> But that is the first portion of my motion is that he be allowed to testify in some fashion as to not just the custody issues, but also those occurrences that he would observed [sic] dealing with the issue of fault.

Defendant's counsel responding by stating:

> Your Honor, if we're going to present issues of fault then we will choose our witness and our witness is not going to be this child. This little boy is 10 years old.

\*     \*     \*

> We think it is absolutely abhorrent to even suggest to this Court that a 10 year old child come in here and be put on the stand and subpoenaed to testify as to fault of the parents.

Plaintiff's counsel responded by stating that he did not want the child to testify with his parents in the court room, and asked defendant's counsel to agree to drafting questions for the child that the trial court could ask during its interview. Defendant's counsel stated that she was not inclined to prepare any questions for the child and stated, "I have enough faith in this Court that the Court will ask the child questions in such a way not to pit the child [against the mother and father]."

Ultimately, the trial court did conduct an in camera interview with the child. The trial court set forth with some detail the child's indications from the interview in its findings on the record. It is clear from the trial court's findings that the trial court utilized the child's interview with regard to several of the best interest factors and went far beyond simply noting the child's preference.

We initially reject defendant's argument on appeal that she was denied due process because the child did not testify in an open court room and that she was not permitted to cross-examine the child. This Court has approved, on numerous occasions, the propriety of in camera interviews of children in child custody disputes and of not subjecting the children to

cross-examination by attorneys. *Impullitti v Impullitti*, 163 Mich App 507, 509-510; 415 NW2d 261 (1987); *In re Crowder*, 143 Mich App 666, 668-669; 373 NW2d 180 (1985); *Lesauskis v Lesauskis*, 111 Mich App 811, 814-816; 314 NW2d 767 (1981); *Burghdoff v Burghdoff*, 66 Mich App 608, 612-613; 239 NW2d 679 (1976); *Roudabush v Roudabush*, 62 Mich App 391, 394; 233 NW2d 596 (1975). As noted by these cases, the reason for utilizing in camera interviews of children in child custody disputes and having only the trial court interview the child is to lessen the emotional trauma and distress for the child in a proceeding that is already filled with trauma. Additionally, such a process protects the child from openly having to choose sides.

Consequently, the trial court's utilization of an in camera interview of the child was entirely proper and did not deprive either party of due process and the child's statements at the interview do not constitute incompetent evidence.

We would, however, find merit with regard to defendant's argument that the trial court erred in not limiting the interview to the child's preference.[1] Because we are bound by the rule of law established in *Hilliard*, pursuant to MCR 7.215(H)(1), we are compelled to follow *Hilliard* and find that the trial court did not err in utilizing the in camera interview

---

[1] We cannot agree with our concurring colleague that this issue was not preserved by defendant. It was plaintiff's request to have the child testify, and defendant specifically cautioned that the child not be pitted against the mother or the father. Moreover, it is the *court's* duty to independently determine the child's best interests by considering, evaluating, and determining the factors set forth in § 3 of the Child Custody Act. See *Lombardo v Lombardo*, 202 Mich App 151, 160; 507 NW2d 788 (1993).

to consider factors other than the child's preference regarding custody.

*Hilliard* involved a similar factual situation in which the parties' son was interviewed in an in camera hearing and the scope of the in camera hearing was not limited to the child's preference regarding custody. Specifically, this Court held in *Hilliard, supra,* pp 320-321:

> While *Lesauskis, supra,* and *Burghdoff, supra,* dealt with the propriety of in camera interviews to determine the reasonable preference of a child whose custody was at issue, we conclude that such in camera interviews should not be limited to aiding in the assessment of that single best interests of the child factor. The minor children of the parties to a custody dispute will often be among the best sources of information for a trial court regarding many of the statutory best interests factors. The trial court should be able to obtain this information from such minor children without subjecting them to the "additional distress resulting from cross-examination and testifying before the parents." *Lesauskis, supra,* p 815. Because the predominant concern should be the welfare of the child, *Heid [v AAASulewski (After Remand),* 209 Mich App 587, 595; 532 NW2d 205 (1995)], we decline to follow *Lesauskis* and *Burghdoff* to the extent that those cases might be construed as limiting the scope of an in camera interview with a child of the parties to a custody dispute to a determination of the child's preference regarding custody. Rather, such an in camera interview may extend to any matter relevant to the trial court's custody decision.

We respectfully disagree with this holding and, were we permitted, we would follow the line of cases limiting the scope of an in camera interview with a child in a child custody dispute to a determination of the child's preference regarding custody. See *Impullitti,*

*supra*, p 510; *Lesauskis, supra*, p 815; *Burghdoff, supra*, pp 612-613.

There are good reasons for limiting the scope of an in camera interview to a determination of the child's preference regarding custody, reasons that were not acknowledged in *Hilliard.* The best interest statute states that the "reasonable preference of the child, if the court considers the child to be of sufficient age to express preference" is one factor to be considered, evaluated, and determined by the court regarding its best interest findings. MCL 722.23(i); MSA 25.312(3)(i). This is only one of many factors to be considered by the trial court in its overall determination of the best interests of the child, factors that need not be given equal weight. *McCain v McCain*, 229 Mich App 123, 131; 580 NW2d 485 (1998). MCL 722.23(i); MSA 25.312(3)(i) provides for the child's preference only as one factor to be considered and does not include utilizing the child's inclinations with respect to any other best interest factor. Thus, the statute itself limits the child's expression to a reasonable preference, and only if the child is of sufficient age to express a preference.

Further, allowing the in camera interview to exceed the scope of ascertaining the child's preference could result in the due process violation that this Court has sought to avoid. Because the in camera interview is not on the record and there is no cross-examination, and often no other attorneys present, allowing the interview to extend to any matter relevant to the trial court's custody decision could well result in due process concerns.[2] Generally, a trial court is required to

---

[2] See, e.g., *Breneman v Breneman*, 92 Mich App 336, 342-343; 284 NW2d 804 (1979), where this Court held that the trial court did not err in

state brief, definite, and pertinent findings and conclusions on contested matters. MCR 2.517(A)(2); *Fletcher v Fletcher*, 447 Mich 871, 883; 526 NW2d 889 (1994). Because no record would be available of the in camera interview of the child, this Court would be reliant solely on the findings of the trial court; yet, trial courts are often reluctant to state the child's preference on the record so as not to offend the parents or place further undue stress on the child. See, e.g., *Patrick v Patrick*, 99 Mich App 132, 134-135; 297 NW2d 635 (1980); *Gulyas v Gulyas*, 75 Mich App 138, 142; 254 NW2d 818 (1977). Thus, if the trial court uses the child's interview to determine best interest factors other than only the child's preference, an appellate court would be without any form of meaningful review. Although trial courts are in a better position to make credibility determinations, weigh the evidence, and resolve factual conflicts, the court's discretion in weighing the evidence is not unlimited because it must be supported by the weight of the evidence. *Fletcher*, *supra*, p 881. Consequently, allowing the trial court to use the in camera interview with regard to any or all of the best interest factors could insulate its findings from meaningful appellate review in a way that is actually detrimental to the best interests of the child.

Moreover, using the child's interview to resolve credibility issues or conflicts in the testimony would be highly improper and create the types of problems

---

allowing the parties' eleven-year-old son to testify in open court because the child was called to testify with regard to the alleged abuse and mistreatment inflicted on him by his mother and stepfather. This Court in *Breneman* distinguished *Burghdoff* on the ground that an in camera interview was the desired process to question a child with regard to the child's preference only.

that in camera interviews are supposed to alleviate: increased stress and trauma for the child. *Burghdoff, supra,* p 613. Although we are sympathetic with the statement in *Hilliard, supra,* p 320, that the "children of the parties to a custody dispute will often be among the best sources of information for a trial court regarding many of the statutory best interests factors," we believe that using the in camera interview for anything more than the preference of the child could place the child in such a compromising and stressful situation that it far outweighs the need for additional information, even if the child is the best source.

Accordingly, were it not for the precedential effect of *Hilliard,* we would follow the rule of *Burghdoff, supra,* pp 612-613:

> We now hold that sound policy requires that [an in camera] conference be confined to those matters reasonably necessary to enable the circuit judge to determine and understand the preference of the child. The circuit judge should be particularly sensitive to the trauma that a custody proceeding often has for a child, because a child is often caught in the middle in a struggle between two parents, and forced to choose sides when [the child] does not want to do so.

However, because we are bound by *Hilliard,* we conclude that the trial court in the present case did not err in extending the scope of the in camera interview to best interest factors other than the child's preference.

Defendant next argues that the trial court erred in its evaluation of eight of the best interest factors and in finding that the child's established custodial environment should be changed.

Defendant specifically contends that the trial court erred in its evaluation of factors b, d, e, f, h, i, k, and l. We note, again, that were we not bound by *Hilliard*, we would reverse and remand for a new custody hearing. This is because the trial court clearly used the in camera interview with regard to several of the best interest factors and not only the child's preference. We would find this to be error that is not harmless, and we would remand for a new hearing with specific instruction that the trial court not use the in camera hearing for any factor other than the child's preference. However, because the trial court's utilization of the in camera interview is not error in light of *Hilliard*, we must also conclude that, having carefully reviewed the record, the trial court's factual findings are not against the great weight of the evidence because the evidence does not clearly preponderate in the opposite direction. *Fletcher, supra,* pp 878-879.

Further, on the basis of our review of the best interest factors and the entire record, we conclude that the trial court's determination that there was clear and convincing evidence that custody should be changed was not a palpable abuse of discretion. *Id.,* p 880; *Hayes v Hayes*, 209 Mich App 385, 387; 532 NW2d 190 (1995). We note, too, that defendant has failed to brief the merits of the trial court's decision with regard to her posttrial motions to modify custody. See MCL 722.27(1)(c); MSA 25.312(7)(1)(c) (a trial court may modify or amend its previous judgments or orders for proper cause shown or because of a change in circumstances).

Lastly, defendant argues that the trial court abused its discretion by ordering joint legal and physical cus-

tody. Here, the record fails to show that the trial court complied with MCL 722.26a(1)(b); MSA 25.312(6a)(1)(b), which requires it to consider "[w]hether the parents will be able to cooperate and generally agree concerning important decisions affecting the welfare of the child." This omission constitutes clear legal error. Therefore, we remand for the trial court to reevaluate the question of joint custody in accordance with MCL 722.26a(1)(b); MSA 25.312(6a)(1)(b). The trial court, in its discretion, may conduct whatever hearings it deems necessary to make an accurate decision with regard to the question whether the change of custody should entail both physical and legal custody with plaintiff, joint physical and legal custody, or a combination thereof. *Ireland v Smith*, 451 Mich 457, 468-469; 547 NW2d 686 (1996).

Affirmed in part and remanded for proceedings consistent with this opinion. Jurisdiction is not retained. No taxable costs pursuant to MCR 7.219, neither party having prevailed in full.

COLLINS, P.J., concurred.

ZAHRA, J. *(concurring)*. I concur in the majority's reasoning and conclusion that remand to the trial court is necessary because the trial court failed to comply with MCL 722.26a(1)(b); MSA 25.312(6a)(1)(b) before ordering joint legal and physical custody of the litigants' minor child. I also concur in the majority's conclusion that the judgment of the trial court should be affirmed in all other respects. I write separately, however, because I conclude that defendant failed to preserve the issue whether the trial court improperly extended the in camera inter-

view of the litigants' minor child to matters beyond the reasonable preference of the child. MCL 722.23(i); MSA 25.312(3)(i). Because, in my opinion, the issue on which the majority declares a conflict under MCR 7.215(H)(2) is not preserved, I conclude that *Hilliard v Schmidt*, 231 Mich App 316; 586 NW2d 263 (1998), does not determine the outcome of this case.

As observed by the majority, plaintiff brought a pretrial motion in limine to allow plaintiff to solicit testimony from the litigants' ten-year-old minor child relating to issues of fault. The trial court issued a written order granting the motion to allow such evidence. The order further states that the litigants "stipulated to [the] order on the record." The trial court speaks through its written orders. *People v Vincent*, 455 Mich 110, 123; 565 NW2d 629 (1997), citing *Tiedman v Tiedman*, 400 Mich 571, 576; 255 NW2d 632 (1977). Moreover, the written order is consistent with the record. While arguing in support of allowing testimony from the minor child, the litigants and the court had the following exchange:

> [*Plaintiff's counsel*]: I . . . ask Sister Counsel to agree that when, your Honor interviews the child that perhaps, based upon some questions that we could write up and give to your Honor, in advance, perhaps those matters could be touched upon while your Honor, talks about the—to the child about reasonable preference and things of that sort.

> *The Court*: Well, generally when I do question the children, I ask them about the relationship between their parents and some of the things that they're [sic] observed. So I would be inclined to consider incorporating questions that Counsel present during my personal interview. I would, of course, like to review those questions beforehand. And I will let you now [sic] which questions I will be asking because I don't want to put the child on the spot. And that

will be something that we'll have to take up as a prelimi-
nary matter on the 18th.

[*Defendant's counsel*]: Your Honor, I'm not inclined to
even present questions.

*The Court*: Okay.

[*Defendant's counsel*]: I have enough faith in this Court
that the Court will ask the child questions in such a way not
to pit the child [sic] mother against father. And I am not
going to prepare questions to have the child testify to fault
as to his parents.

*The Court*: Right.

Defendant's failure to preserve this issue is particu-
larly significant because she is claiming a due process
error. Due process is a flexible concept, which calls
for such procedural protections as a particular situa-
tion demands. *In re Brock*, 442 Mich 101, 111; 499
NW2d 752 (1993), quoting *Mathews v Eldridge*, 424
US 319, 332, 334; 96 S Ct 893; 47 L Ed 2d 18 (1976). At
its core, due process requires that a litigant be given
notice and an opportunity to be heard before the liti-
gant may be deprived of a vested right. *Id.* at 332. In
this case, the October 8, 1999, hearing on plaintiff's
motion in limine provided defendant with both notice
and an opportunity to be heard regarding the scope
and manner by which the minor child would be ques-
tioned by the court. Defendant, having voluntarily
relinquished her opportunity to address this issue,
should not be permitted to complain about a denial of
process.

Accordingly, I would affirm the judgment of the
trial court with regard to the question whether the in
camera interview of the minor child impermissibly
extended beyond the question of the child's reason-
able preference relating to custody. I reached this
decision not because I am required to do so on the

basis of the precedential effect, pursuant to MCR 7.215(H)(I), of *Hilliard, supra.* Rather, I reach this decision because defendant failed to preserve the question.