IN THE MATTER OF CHEDONNE AND KWADWA CROWDER

Docket No. 71312. Submitted April 9, 1984, at Grand Rapids.—Decided June 19, 1985.

Respondent, Gloria Crowder, appealed from the order of the Wayne County Probate Court, Juvenile Division, Gladys Y. Barsamian, J., placing two of her minor children, Chedonne and Kwadwa Crowder, in the temporary custody of the court. Prior to the probate court's disposition a hearing was held before a referee. In the course of that hearing the referee conducted an *in camera* interview with respondent's other son, apparently for the purpose of verifying certain factual matters related in the testimony of Chedonne Crowder. The respondent's sole issue on appeal is the propriety of the referee's interview with the child outside the presence of respondent. *Held:*

1. It is generally not within the discretion of a trial court, or, as in this case, a hearing referee, to exclude parties from the proceedings except for the *in camera* examination of a minor as to the minor's preference for a custodian. Thus the referee erred in conducting the private interview for the purpose of resolving facts in dispute.

2. The error does not require reversal. The respondent has not alleged any prejudice, the *in camera* statements of the child were apparently favorable to respondent, and the respondent did not object to the private interview at the time of the hearing.

Affirmed.

1. Trial — Parties — In Camera Interviews — Minors.

It is not generally within a trial court's discretion to exclude parties from the trial proceedings; a limited exception applies in child custody cases, in which the court may question a minor *in camera* as to the minor's preference for a custodian.

References for Points in Headnotes

[1, 2] Am Jur 2d, Trial §§ 33, 61, 62.

Necessity of requiring presence in court of both parties in proceedings relating to custody or visitation of children. 15 ALR4th 864.

2. TRIAL — WITNESSES — IN CAMERA INTERVIEWS — JUVENILE COURT
    — APPEAL.

> A juvenile court hearing referee erred in conducting an *in camera* interview with a minor witness to resolve facts in dispute with no stated reason, supported by the record, why it was necessary to take evidence out of the presence of the parties and their attorneys; however, reversal is not required where the appellant has not alleged any prejudice and where the appellant's absence from the interview made no difference in the result reached.

*William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Thomas M. Chambers,* Assistant Prosecuting Attorney, for the Department of Social Services.

*Neil A. McQuarrie,* for respondent.

*Michael J. Farrug,* for the minor children.

*Ilene Weiss Fruitman,* for the appellee father, James Joiner.

Before: R. M. MAHER, P.J., and WAHLS and J. A. HATHAWAY,* JJ.

PER CURIAM. Respondent, Gloria Crowder, appeals as of right from an order entered April 15, 1983, placing two of her children in the temporary custody of the Wayne County Probate Court, Juvenile Division. Respondent raises a single issue, assigning as error her absence from an *in camera* interview between the hearing referee and one of her children.

Respondent's 13-year-old son Chedonne testified that his mother often hit him and his brothers with her fist and with sticks and that she had thrown a butcher knife at him and hit him with a

---

* Circuit judge, sitting on the Court of Appeals by assignment.

belt buckle. While admitting that respondent sometimes hit him and his brothers because they were bad, Chedonne indicated that she sometimes hit them for no reason. Respondent admitted to spanking the children, sometimes with a switch, but she denied ever hitting them with sticks or a knife. Following respondent's testimony, the referee asked counsel if they desired respondent's youngest son, Jumamosit, who still lived at home, to be interviewed. The children's attorney responded in the affirmative. The transcript records the following:

"*The Court [hearing referee]:* Very well, if you'll step out, except Jermomosite *[sic],* I will talk briefly with him. No, in fact why don't you stay here and we'll go in my office.

"(Court has conference with Jermomosite *[sic]*)

"*The Court:* Any further witnesses Ms. Kleinplatz?

"*Ms. Kleinplatz [respondent's attorney]:* None.

"*The Court:* Alright I have, the record should reflect that I have spoken briefly with Jermomosite *[sic]* and he denies that there was any incident that he observed involving a knife and he denies that he ever saw his mother hit the other boys other than when they were bad and he describes being bad as either cussing or picking on him. That was the substance of our conversation. Alright, are we ready to proceed to closing argument dispositions?"

Respondent now claims that the *in camera* interview was error requiring reversal. We agree that error occurred. Although it is generally within the trial court's discretion to exclude witnesses during trial, that rule does not apply to parties. *McIntosh v McIntosh,* 79 Mich 198, 203; 44 NW 592 (1890).

A limited exception to the right of parties to be present during trial has arisen in child custody cases: the court may question a minor *in camera*

as to the minor's preference for a custodian. *Bowler v Bowler,* 351 Mich 398, 406; 88 NW2d 505 (1958); *Lesauskis v Lesauskis,* 111 Mich App 811, 815; 314 NW2d 767 (1981). Petitioner argues by analogy to the child custody cases, stating, "A child who has been allegedly abused or neglected, or who has information regarding suspected abuse or neglect of a sibling, should not have to testify in front of his parent(s), who may be the abusers, and with whom he may have to live with *[sic].* The child should be relieved of having to possibly testify falsely out of fear of retribution from the parent(s)." We fail to find support for petitioner's position on the facts of this case.

In *In re Leu,* 240 Mich 240, 248; 215 NW 384 (1927), it appears that the trial court, in privately interviewing the minor Richard, reached factual conclusions about the case on issues other than just the boy's wishes as to a custodial parent. The Supreme Court stated: "The finding that Richard was of a nervous temperament and not a strong child physically was a proper matter for proof and foreign to a private interview to ascertain his wishes. It may be disregarded."

In *Burghdoff v Burghdoff,* 66 Mich App 608, 612; 239 NW2d 679 (1976), this Court held that an *in camera* conference in a child custody proceeding must "be confined to those matters reasonably necessary to enable the circuit judge to determine and understand the preference of the child". The Court distinguished the child's statement with respect to preference from "testimony regarding facts which are in dispute". *Id.,* p 613.

In the instant case, the purpose of the private interview was to resolve facts in dispute: whether certain incidents had occurred and, if so, for what reason. These were matters generally to be re-

solved in the presence of the parties and their attorneys.

Petitioner nevertheless contends that the juvenile court referee or judge must have discretion to interview a child in the privacy of chambers, citing *In re Brooks,* 63 Ill App 3d 328; 379 NE2d 872 (1978). In that case, the minor "stated that he was afraid to testify in front of his parents. The court took steps to protect respondents' rights: counsel for both sides and a court reporter were present; Errol was subjected to cross-examination; and the interview was read into and made a part of the record." 63 Ill App 3d 340; 379 NE2d 882. The Illinois appellate court found no abuse of discretion. In contrast, in the present case, the referee did not indicate a reason for interviewing Jumamosit in chambers nor were there any of the safeguards as used in *Brooks.* In the absence of a stated reason, supported by the record, why it was necessary or proper to take evidence out of the hearing of the parties and their attorneys, we find error. However, we do not perceive any grounds on which to reverse. First, we note that respondent has not alleged any prejudice. Even in criminal cases, the absence of defendant from part of a trial does not require reversal where the absence makes no difference in the result reached. *People v Morgan,* 400 Mich 527, 536; 255 NW2d 603 (1977), *cert den sub nom Cargile v Michigan,* 434 US 967 (1977). In this case, we think we can place our confidence in the referee's integrity and accept her description of what occurred in the private interview. *Cf. Lesauskis, supra,* p 816. Jumamosit's *in camera* statements were purportedly favorable to respondent. Thus, the error was harmless.

Second, we conclude that respondent's failure to object precludes our granting her any relief. Had

respondent objected to the private interview, her right to be present would have been brought to the forefront and a reasoned decision could have been made by the referee either to abandon the private interview or to go forward but with certain safeguards. In either event, a record would have been created upon which we could review the referee's exercise of her discretion.

Affirmed.