# STATE OF MICHIGAN

# COURT OF APPEALS

---

BEVERLEY NETTLES, f/k/a BEVERLEY
NETTLES NICKERSON,

        Plaintiff-Appellant,

v

DANIEL E. NICKERSON, JR.,

        Defendant-Appellee.

UNPUBLISHED
April 26, 2016

No. 324631
Ingham Circuit Court
LC No. 10-004218-DM

---

Before: SAWYER, P.J., and MURPHY and RONAYNE KRAUSE, JJ.

PER CURIAM.

Plaintiff appeals an order denying her motion to set aside a prior custody and parenting time order for her twin sons LLN and LAN; scheduling defendant parenting time; and naming LLN and LAN "beneficiaries of the[ir] Michigan Education Trust Account[s]" (MET). The custody issues are appealed by right, MCR 7.202(6)(a)(*iii*), and we consider the remaining issues as on leave granted. MCR 7.203(b); *Botsford Continuing Care Corp v Intelistaf Healthcare, Inc*, 292 Mich App 51, 61-62; 807 NW2d 354 (2011). We affirm.

## I. FACTS

The parties divorced in 2006. Upon divorce, the parties shared joint physical and legal custody of their sons and alternated parenting time on a monthly basis. Neither party owed child support. The parties agreed that defendant would manage each child's MET funds without "chang[ing] investments or us[ing] the children's [MET] funds unless mutually agreed upon." Since divorce, the parties have disputed these agreements.

After years of disputes regarding custody and parenting, the trial court found in a March 2012 ruling that the boys had an established custodial environment with plaintiff and ordered parenting time with plaintiff during the school year, and two months of weekend parenting time with defendant.

On March 25, 2014, defendant filed a motion for a change in parenting time, seeking primary physical custody of both boys and asking for plaintiff to only have supervised, daytime visitation. Defendant claimed that the boys had already begun to live with him and that plaintiff consented to his new, proposed parenting time arrangement. A motion hearing was held, but

-1-

plaintiff was not present. On April 10, 2014, the trial court temporarily granted defendant's request for a parenting time change, finding that it was in the boys' best interests to temporarily reside with defendant, and naming defendant the boys' temporary, sole, physical custodian. Further, the trial court ordered supervised parenting time for plaintiff and suspended her overnight visits. Because the order was temporary, the trial court set the matter for an evidentiary hearing.

On May 29, 2014, the parties had an evidentiary hearing before a trial court referee. Plaintiff appeared. Plaintiff explained that she agreed to allow the boys to stay with defendant temporarily because she had been hospitalized for an illness, but she now wanted the boys returned to her care. Defendant wanted the boys to remain in his care. At the hearing, it was learned that the parties had not been following the April 10, 2014 custody order. Specifically, the boys had been spending overnights with plaintiff in violation of the court order. The referee found that neither party was following the April 10, 2014 parenting time order, explained that he wanted the order obeyed and, therefore, recommended continuation of the order. After the hearing, it appears that the boys gave in camera, unrecorded statements to the trial court regarding the custody and parenting time situation.

On June 20, 2014, the trial court continued the April 10, 2014 custody and parenting time order, wanting the parties to comply with the April 10, 2014 order before recommending a more long-term solution. Plaintiff objected to the continuation of the April 10, 2014 order and sought primary physical custody of the boys and unsupervised visitation. Plaintiff also objected to the fact that she was not permitted to attend the boys' previous interviews with the trial court. At a hearing on the plaintiff's motions, defendant stated that he "d[id] not object to a reinstatement of the order giving [plaintiff] custody of the boys [because] they refuse[d] to comply with [his] rules." Plaintiff agreed to defendant's stipulation regarding parenting time, and on August 14, 2014, the trial court entered a corresponding order.

Despite having her children returned to her custody, plaintiff filed a motion for clarification of the trial court's April, 10, 2014, June 20, 2014, and August 14, 2014 orders. Plaintiff argued that she was deprived of time with her boys from late April 2014 through August 14, 2014. Plaintiff claimed that the April 10, 2014 order modified the boys' established custodial environment in granting defendant year round parenting time and restricting plaintiff's access to her boys to daytime, supervised visits. Then, plaintiff argued that the May 29, 2014 evidentiary hearing failed to establish by clear and convincing evidence that the boys' custodial home needed to be changed. Further, plaintiff argued that boys' testimony by in camera review lacked notes to review, violated the boys' due process rights, and improperly went beyond the scope of ascertaining the boys' custody preferences. Then, plaintiff argued that the trial court's June 20, 2014 order interfered with the boys' established custodial environment and that the trial court erred in signing the order before, what she characterized as, the conclusion of the evidentiary hearing.

The trial court commented that it did not understand plaintiff's motion because "the children are back with [plaintiff] and they have been since August," but allowed plaintiff to make a record for appeal. Plaintiff argued that her motion had two goals: "to prohibit the type of treatment that [she] ha[d] been subjected to from [happening to] any other parent" and to secure damages. The trial court denied plaintiff's motion to set aside the June 20, 2014 custody and

-2-

parenting time order, denied plaintiff's motion for damages, and awarded defendant parenting time every other weekend. Plaintiff now appeals this November 6, 2014 order.

Regarding the parties' child support disputes, after disputing child support payments for years, the parties stipulated on October 11, 2013 that defendant would pay $1,000/month in child support until the latter of the boys' eighteenth birthday or high school graduation. Additionally, the trial court ordered that "[n]either party may file a motion for review of child support . . . due to a change of circumstances of a change in employment . . . unless either party is fired or laid off." But when the boys were placed temporarily in defendant's care on April 10, 2014, the trial court suspended defendant's child support payments.

When the boys returned to plaintiff's home, plaintiff sought reinstatement of defendant's child support payments. Defendant did not object to reinstatement of the previously agreed upon $1,000/month child support order, so long as he received credit for the time the boys resided exclusively with him. Accordingly, the trial court reinstated the child support order—defendant paying $1,000/month child support—effective October 1, 2014.

Finally, regarding the boys' MET accounts, the record contains little information about the accounts. Plaintiff argued that she had a right to be the beneficiary on the MET accounts because she put half of the funds in the account and, without being a beneficiary, she could not receive account information. Defendant denied that plaintiff contributed half of the money to the accounts, instead explaining that he added money to the accounts after the parties' divorce. Further, defendant believed that plaintiff would not use the MET funds for the boys' education, as intended, instead believing that plaintiff would "take the money and use it for her own purposes." Plaintiff denied that she would misappropriate funds. The trial court denied plaintiff's request to become a beneficiary on the MET accounts, instead designating the boys as the beneficiaries and stating that the boys could gain information about the accounts from defendant during his parenting time.

## II. ANALYSIS

## A. CHILD CUSTODY ACT (CCA) PROCEDURE

Plaintiff argues that the trial court erred in entering an order that affected the boys' physical custody and parenting time while failing to determine the proper burden of persuasion, altered the boys' established custodial environments, and failed to make best interest findings.[1]

The Child Custody Act (CCA) governs alterations of custody and parenting time. MCL 722.21 *et seq.*; *In re AP*, 283 Mich App 574, 600; 770 NW2d 403 (2009) (custody); *Shade v*

---

[1] Plaintiff also argues that the procedure in her custody case was incorrect and that we should prevent such an incorrect procedure from occurring in "future child custody case[s]." Plaintiff has no standing to challenge potentially incorrect procedure in future child custody cases. *In re HRC*, 286 Mich App 444, 458; 781 NW2d 105 (2009).

*Wright*, 291 Mich App 17, 31-32; 805 NW2d 1 (2010) (parenting time). The proper remedy for error under the CCA is remand for reevaluation of the custody or parenting time decision, *Fletcher v Fletcher*, 447 Mich 871, 889; 526 NW2d 889 (1994), during which the trial court must "articulate factual findings consistent with the requirements of the CCA and conduct a new evidentiary hearing," *AP*, 283 Mich App at 607, "consider[ing] up-to-date information," *Fletcher*, 447 Mich at 889. The "judicial power . . . is the right to determine actual controversies arising between adverse litigants." *Muskrat v United States*, 219 US 346, 361; 31 S Ct 250; 55 L Ed 246 (1911). When no actual case or controversy exists, we dismiss an issue sua sponte as moot. *City of Novi v Robert Adell Children's Funded Trust*, 473 Mich 242, 255-256, 255 n 12; 701 NW2d 144 (2005).

Two events make plaintiff's custody concerns moot and remand unnecessary. First, the parties already stipulated to return the boys to plaintiff's care, and plaintiff does not seek reduction in defendant's current parenting time. Therefore, remand to award plaintiff custody and increase her parenting time is not needed. Second, the boys turned 18 after plaintiff filed this appeal, and our jurisdiction over custody and parenting time matters continues only until children turn 18. MCL 722.27(1)(c); *Porter v Porter*, 285 Mich App 450, 462; 776 NW2d 377 (2009). Therefore, the trial court would not have jurisdiction to enter an alternate custody or parenting time order. MCL 722.27(1)(c); *id*. Thus, plaintiff's custody concerns are moot.

## B. ADOPTION OF THE REFEREE'S RECOMMENDATION

Plaintiff next argues that the trial court erred when it issued its June 20, 2014 custody and parenting time order before holding a follow up evidentiary hearing.[2] Again, however, the boys were returned to plaintiff's custody, giving her the relief she requested, and have subsequently turned 18, divesting the trial court of jurisdiction, rendering this issue moot as well. *City of Novi*, 473 Mich App at 255-256, 255 n 12.

## C. IN CAMERA MINOR INTERVIEWS

Plaintiff argues that the trial court failed to appoint guardians ad litem (GALs) for the boys during their in camera interviews in violation of her and the boys' due process rights and that the trial court exceeded the proper scope of the in camera interviews. We disagree.

Plaintiff failed to timely preserve her arguments. We review unpreserved constitutional issues for plain error. *People v Carines*, 460 Mich at 750, 765; 597 NW2d 130 (1999). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Id*. at 763. Further, we affirm custody orders "'unless the trial judge made findings of

---

[2] Again, plaintiff lacks standing to challenge such a procedural error on other "future child custody cases." *HRC*, 286 Mich App at 458. Further, plaintiff cited no authority supporting her request for remand for a hearing on damages. MCR 7.212(C)(7); *McIntosh*, 282 Mich App at 485.

fact against the great weight of evidence[,] committed a palpable abuse of discretion[,] or [made] a clear legal error on a major issue.'" *Butler v Simmons-Butler*, 308 Mich App 195, 200; 863 NW2d 677 (2014), quoting MCL 722.28.

When evaluating requests for custody changes under the CCA, the trial court, must consider the best-interest factors listed in MCL 722.23. One factor is "[t]he reasonable preference of the child, if the court considers the child to be of sufficient age to express [a] preference." MCL 722.23(i). Six-year-old children can express a preference. *Bowers v Bowers*, 190 Mich App 51, 55-56; 475 NW2d 394 (1991). The trial court may determine a child's preference by speaking with the child in "private" during an "in camera review." *Molloy v Molloy*, 247 Mich App 348, 351, 357; 637 NW2d 803 (2001), rev'd in part on other grounds 466 Mich 852 (2002); see *MacIntyre v MacIntyre*, 267 Mich App 449, 451-452; 705 NW2d 144 (2005).

Such an interview raises due process concerns. *Thompson v Thompson*, 261 Mich App 353, 364-365; 683 NW2d 250 (2004); *Molloy*, 247 Mich App 351. "Both the federal and state constitutions guarantee the right to due process of law[, which] 'requires fundamental fairness [in] any adjudication of important rights.'" *Molloy*, 247 Mich App at 353-354, quoting *Hilliard v Schmidt*, 231 Mich App 316, 319; 586 NW2d 263 (1998), abrogated by *Molloy*, 247 Mich App at 348 (alteration added). Parents have a liberty interest in the development of a parent-child relationship. *Id*. at 355. "However, due process is a flexible concept," requiring the evaluation of "three elements . . . to decide what due process [is] require[d] . . . the importance of the private interests at stake, the government's interest, and the probability that the procedures used would lead to erroneous decisions." *Id*. at 353-354, citing *Mathews v Eldridge*, 424 US 319, 334; 96 S Ct 893; 47 L Ed 2d 18 (1976). For example, due process violations may occur "[s]hould questions or answers arise concerning disputed facts unrelated to the child's preference [because] there is no opportunity for the opposing party to cross-examine or impeach the witness, or to present contradictory evidence; nor is there created an appellate record that would permit a party to challenge the evidence." *HRC*, 286 Mich App at 452.

To address these due process concerns, the interviews "must be limited [in scope] to a reasonable inquiry into the child's parental preference." *Thompson*, 261 Mich App at 364-365; see also *Surman v Surman*, 277 Mich App 287, 302; 745 NW2d 802 (2007). Yet, " 'the interview should not take place in a vacuum,'" rather, "'[i]nquiry must be made in order to test the authenticity, the motives, and the consistency of the preference[, which o]ften . . . will result in [gathering] information that affects other child custody factors.' " *Thompson*, 261 Mich App at 364-365 (properly gathering information about parents' fighting, medical care for children, cooking, cleaning, and help given to children with homework), quoting *Molloy*, 247 Mich App at 353. Once an interview occurs, "[a]s a general rule, a trial court must state on the record whether children were able to express a reasonable preference and whether their preferences were considered by the court." *Fletcher*, 200 Mich App at 518. "[B]ut [the trial court] need not violate [children's] confidence by disclosing their choices." *Id*. We "place our confidence in the [trial court]'s integrity and accept[ its] description of what occurred in the private interview." *In re Crowder*, 143 Mich App 666, 670; 373 NW2d 180 (1985).

In this case, the trial court did not plainly err in failing to appoint guardians ad litem (GALs) for the boys during the boys' in camera interviews. Plaintiff provided no authority

supporting her argument that the trial court violated anyone's due process rights by failing to appoint a GAL, in violation of MCR 7.212(C)(7). See *McIntosh*, 282 Mich App at 485. The CCA allows the trial court discretion to appoint a GAL, stating that a trial court "*may* appoint a lawyer-guardian ad litem to represent [a] child" "[i]f, at any time in the proceeding, the court determines that the child's best interests are inadequately represented." MCL 722.24(2) (emphasis added). But appointing a GAL is not a requirement. Further, plaintiff has not articulated how the absence of a GAL in the boys' May 29, 2014 interviews affected her due process rights. The due process rights triggering the need for this limited scope belong to the parent—not the child. *Molloy*, 247 Mich App at 354-355. And plaintiff's due process rights are protected by limiting the scope of the interview, not by appointing a GAL. *Thompson*, 261 Mich App at 364-365; *Surman*, 277 Mich App at 302. The record lacks evidence of what was included in the interviews.[3] Therefore, we do not find that the trial court plainly erred in exceeding the scope of the in camera interviews.

## D. CHILD SUPPORT

Plaintiff argues that the trial court erred in calculating and enforcing defendant's child support payments. We disagree.

Plaintiff did not raise the issue of improper calculation or enforcement of child support payments in connection with her motion that led to the appealed order. The motion hearing did not discuss child support, and the appealed order did not address child support. Therefore, this issue is unpreserved. We review unpreserved issues for plain error. *Carines*, 460 Mich at 765. Further, plaintiff provided no authority supporting her argument that the trial court improperly calculated or enforced defendant's child support payments, in violation of MCR 7.212(C)(7). See *McIntosh*, 282 Mich App at 485.

Nonetheless, parents have a duty to support their minor children. MCL 722.3. "The purpose of child support is to provide funds for the immediate needs of the child." *Arndt v Kasem*, 135 Mich App 252, 259; 353 NW2d 497 (1984). When calculating the amount of child support owed, the trial court typically follows an FOC developed formula, MCL 552.605(2); *Berger v Berger*, 277 Mich App 700, 722-723; 747 NW2d 336 (2008), which is based on the child's needs and the parent's ability to pay, *Shinkle v Shinkle* (*On Rehearing*), 255 Mich App 221, 225; 663 NW2d 481 (2003). But the parties may stipulate to deviate from that FOC formula, MCL 552.605(3), and the agreement will be enforced "absent a compelling reason to forbear enforcement." *Holmes v Holmes*, 281 Mich App 575, 592; 760 NW2d 300 (2008). "A trial court has the statutory power to modify child support orders upon a showing by the petitioning party of a change in circumstances justifying modification." *Sayre v Sayre*, 129 Mich App 249, 251-252; 341 NW2d 491 (1983). In modifying a support agreement, the trial court considers "all relevant factors," again, including the child's needs and the parents' ability to pay

---

[3] While the trial court may have erred in failing to "state on the record whether children were able to express a reasonable preference and whether their preferences were considered by the court," *Fletcher*, 200 Mich App at 518, plaintiff does not advance this argument.

support. *Id*. However, child support awarded under the CCA can be awarded only until children "'reach[ ] 18 years of age,'" *Hayford v Hayford*, 279 Mich App 324, 327; 760 NW2d 503 (2008), quoting MCL 722.22(d), unless the original divorce judgment provided for further support, *Arndt*, 135 Mich App at 258, or if a child who has turned 18 remains in high school. *Hayford*, 279 Mich App at 327; MCL 552.605b.

In this case, at the time of the appealed order, a stipulated child support agreement was in effect. The appealed order did not address child support, but stated that "all other Orders not inconsistent with this Order shall remain in full force and effect." The child support order in effect was a reinstatement of the parties' stipulated order for defendant to pay $1,000/month in child support, and parties may stipulate to a child support amount. MCL 552.605(3). Therefore, the trial court did not err in continuing the stipulated order.[4]

### E. MICHIGAN EDUCATION TRUST ACCOUNTS

Finally, plaintiff argues that she is entitled to a hearing to address her ownership or survivorship interest in the boys' MET accounts. However, plaintiff provided no authority supporting her argument, in violation of MCR 7.212(C)(7). See *McIntosh*, 282 Mich App at 485. Parties "may not merely announce their position and leave it to this Court to discover and rationalize the basis for their claims." *VanderWerp v Plainfield Charter Twp*, 278 Mich App 624, 633; 752 NW2d 479 (2008). Therefore, we find that plaintiff's "failure to properly address the merits of [her MET claims] constitutes abandonment." *Id*.

Affirmed.

/s/ David H. Sawyer
/s/ William B. Murphy
/s/ Amy Ronayne Krause

---

[4] Even if the trial court erred, it is unclear to what relief plaintiff would be entitled because the boys already turned 18 in July 2015, meaning that they are no longer entitled to support under the CCA. *Hayford*, 279 Mich App at 327; MCL 722.22(d). To the extent that plaintiff argues that the trial court failed to enforce the stipulated child support order, reinstated August 1, 2014, the trial court has already remedied the issue, making it moot. *Muskrat*, 219 US at 361; *City of Novi*, 473 Mich at 255-256. On December 8, 2014, the trial court ordered defendant to pay unpaid child support in the amount of $1,000/month since August 1, 2014, and to continue to comply with the $1,000/month child support order going forward.