MAURO v MAURO

Docket Nos. 123706, 128053. Submitted June 16, 1992, at Detroit.
   Decided September 8, 1992, at 9:50 A.M.

Susan Mauro and Gary Mauro were granted a judgment of
   divorce by the Oakland Circuit Court. The parties were
   awarded joint legal custody of their two minor children, and
   physical custody was awarded to Susan. Gary moved for a
   change of physical custody, and Susan moved to terminate
   Gary's visitation rights. Following a hearing at which no evi-
   dence was presented, the court, John N. O'Brien, J., awarded
   custody to Gary. On appeal, the Court of Appeals, DANHOF,
   C.J., and DOCTOROFF and T. M. GREEN, JJ., in an unpublished
   opinion per curiam, decided January 22, 1988 (Docket Nos.
   97474, 98324), found the change of custody without a proper
   hearing to be error requiring reversal. Following an evidentiary
   hearing, the trial court again granted custody to .Gary. On
   appeal, the Court of Appeals, CYNAR, P.J., and HOOD and
   MURPHY, JJ., affirmed in an unpublished opinion per curiam,
   decided January 25, 1989 (Docket No. 107234). Susan did not
   comply with the order and hid the children outside the state
   for more than a year. Gary moved for attorney fees incurred in
   . connection with his efforts to seek Susan's compliance with the
   orders regarding visitation and custody. Following a hearing,
   the court ordered Susan to pay Gary's attorney fees. She
   appealed from that order. The court also granted Susan's
   motion for a modification of visitation rights to permit visita-
   tion in Chicago, Illinois, one weekend a month. Gary appealed
   from that order. The appeals were consolidated.

   The Court of Appeals held:

   1. The court did not abuse its discretion in awarding Gary
attorney fees. A party who fails to comply with a court order in
a divorce action and forces the other party to undertake
proceedings to secure compliance may be required to pay the
other party's attorney fees and costs.

   2. The court did not abuse its discretion in modifying Susan's
visitation rights. At the hearing regarding the motion for
modification of visitation rights, it was established that Susan
had fully abided by the court orders for approximately two
years. Further, a friend of the court family counselor, a psy-

chologist, and a psychiatrist all recommended that the children be allowed to visit Susan in Chicago.

Affirmed.

*Williams, Schaefer, Ruby & Williams, P.C.* (by *James P. Cunningham*), for Susan Mauro.

*Suo, Rundell & Hechtman* (by *Curtis G. Rundell, II* and *Regina L. Meo*), for Gary Mauro.

Before: JANSEN, P.J., and MICHAEL J. KELLY and CORRIGAN, JJ.

MICHAEL J. KELLY, J. In Docket No. 123706, plaintiff, Susan Mauro, appeals from an order of the trial court granting defendant's motion for attorney fees and costs. In Docket No. 128053, defendant, Gary Mauro, appeals from the trial court's order granting plaintiff modified visitation rights by providing that visitation would be allowed in Chicago, Illinois, one weekend a month.

The parties were divorced on January 14, 1986. Joint custody of the parties' two children was ordered, with physical custody granted to plaintiff. On October 7, 1986, defendant moved to have physical custody of the children changed to him, alleging that plaintiff continued to deny him visitation rights. Plaintiff responded by filing a motion to terminate defendant's visitation rights on the ground that he was allegedly sexually abusing the children. Eventually, following a hearing at which no evidence was presented, the trial court awarded defendant custody of the children. On appeal, this Court found that the change of custody without a proper hearing was error requiring reversal. *Mauro v Mauro*, unpublished opinion per curiam of the Court of Appeals, decided January 22, 1988 (Docket Nos. 97474, 98324). Thereafter, an evidentiary hearing was held in the trial court, and an

order was then entered changing custody of the children to defendant. This order was upheld by our Court. *Mauro v Mauro,* unpublished opinion per curiam of the Court of Appeals, decided January 25, 1989 (Docket No. 107234).

Despite the order changing custody to defendant, plaintiff kept the children in hiding out of state for more than a year. Meanwhile, defendant was cleared of all sexual misconduct charges when it was revealed that plaintiff had instructed one of the children to lie about the alleged sexual abuse by defendant. Subsequently, defendant filed a motion for attorney fees incurred in connection with his efforts to seek plaintiff's compliance with the trial court's orders regarding visitation and custody. A hearing was held on defendant's motion, and plaintiff was ordered to pay $82,382 in attorney fees. It was ordered that the $82,382 was to be set off against the $87,500 alimony-in-gross arrearage owed by defendant to plaintiff. Plaintiff appeals from this order. Thereafter, the trial court granted plaintiff's motion for modification of visitation rights. The order granting plaintiff's motion provided that visitation would be allowed in Chicago, Illinois, one weekend a month. Defendant appeals from this order. The appeals were consolidated by this Court.

First, plaintiff argues that the trial court erred in awarding attorney fees to defendant. We disagree. It should be noted that plaintiff does not challenge the amount of attorney fees awarded. Plaintiff simply argues that the attorney fees should not have been awarded at all. Plaintiff's position is not supported by existing law. A party who fails to comply with a court order in a divorce action and forces the other party to undertake proceedings to secure compliance may be required to pay the other party's attorney fees and costs.

*Wilson v Wilson,* 179 Mich App 519; 446 NW2d 496 (1989); *Davids v Davis,* 179 Mich App 72; 445 NW2d 460 (1989); *Ashbrenner v Ashbrenner,* 156 Mich App 373; 401 NW2d 373 (1986). Plaintiff was in continuing flagrant violation of court orders regarding custody and visitation in this matter, causing defendant to incur substantial attorney fees in order to gain plaintiff's compliance with the court orders. We find that the trial court's order granting defendant's motion for attorney fees was not an abuse of discretion.

Next, defendant contends that the trial court erred in granting plaintiff's motion for modification of visitation rights. After reviewing the record in this matter, we hold that the trial court did not abuse its discretion in modifying the visitation rights of plaintiff by allowing her to have visitation with the children one weekend a month in Chicago, Illinois.

The Child Custody Act, MCL 722.21 *et seq.*; MSA 25.312(1) *et seq.*, governs child custody disputes between parents, agencies, or third parties. This Court reviews an order regarding visitation de novo, but will not reverse the order unless the trial court made findings of fact against the great weight of the evidence, committed a palpable abuse of discretion, or committed a clear legal error. *Booth v Booth,* 194 Mich App 284; 486 NW2d 116 (1992). Visitation shall be granted in accordance with the best interests of the child and in a frequency, duration, and type reasonably calculated to promote a strong relationship between the child and the parent. MCL 722.27a(1); MSA 25.312(7a)(1); *Booth, supra.*

In this case, it was established at the hearing regarding plaintiff's motion for modification of visitation rights that plaintiff had fully abided by

the court orders regarding custody and visitation for approximately two years. Further, an Oakland County friend of the court family counselor recommended that visitation should be modified to permit visitation with plaintiff for one weekend a month in Chicago. Additionally, a psychologist, Dr. Breidenbaugh, testified that the children would benefit from the proposed form of visitation. Lastly, Dr. Ayala, a psychiatrist, recommended that the children should be allowed to visit plaintiff in Chicago. Under these circumstances, the trial court did not abuse its discretion in ordering modified visitation.

Affirmed.